Filed 10/5/20  In re Turner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re MICHAEL R. TURNER,<br><br>On Habeas Corpus. | C090868<br><br>(Super. Ct. No. STK-CR-FMISC-2019-10100) |

Petitioner Michael R. Turner contests regulations promulgated by the California Department of Corrections and Rehabilitation (Department) excluding him from early parole consideration for inmates convicted of a nonviolent offense as adopted by the voters through Proposition 57 in 2016.  The Attorney General contends Proposition 57 authorized the Department to exclude petitioner because he was previously convicted of a crime requiring him to register as a sex offender.  The Department acknowledges the decisions in *Alliance for Constitutional Sex Offense Laws v. Department of Corrections and Rehabilitation et. al.* (2020) 45 Cal.App.5th 225, review granted May 27, 2020, S261362 (*Alliance*) and *In re Gadlin* (2019) 31 Cal.App.5th 784, review granted May 15, 2019, S254599 (*Gadlin*) rejecting this precise claim, but makes the argument to preserve the issue while the California Supreme Court considers review.  The Supreme Court,

1

which has granted review in *Alliance* and *Gadlin* and several other cases, will ultimately provide guidance on this question; however, pending further direction from the court, we continue to adhere to the views we expressed in *Alliance*. Again, we reject the Attorney General's arguments and agree with petitioner.

## BACKGROUND

*Proposition 57 and Early Parole Consideration*

In November 2016, California voters passed Proposition 57, The Public Safety and Rehabilitation Act of 2016. The initiative added section 32 to article I of the California Constitution which, among other things, provides for early parole consideration for inmates serving prison sentences for nonviolent offenses.[1] The added section (Amendment) reads in part: "(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law: [¶] (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense. [¶] (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence. [¶] . . . [¶] (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety."

Section 2 of Proposition 57 states the voters' purposes, as relevant here, in approving the measure: "1. Protect and enhance public safety. [¶] 2. Save money by reducing wasteful spending on prisons. [¶] 3. Prevent federal courts from

---

[1]     Unspecified references to articles are to the California Constitution.

indiscriminately releasing prisoners.  [¶]  4. Stop the revolving door of crime by emphasizing rehabilitation, especially for juveniles."  (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of proposed law, § 2, p. 141.)

The Department adopted emergency regulations to implement the Amendment. (See Cal. Code Regs., tit. 15, former §§ 3490, 3491, Register 2017, No. 15 (Apr. 13, 2017).)[2]  As relevant here, the regulations defined a "nonviolent offender"[3] as an inmate who is not (1) condemned, incarcerated for a term of life without the possibility of parole, or incarcerated for a term of life with the possibility of parole; (2) serving a term of incarceration for a violent felony within the meaning of Penal Code section 667.5, subdivision (c); or (3) "[c]onvicted of a sexual offense that requires registration as a sex offender under Penal Code section 290."  (Tit. 15, former §§ 3490, subds. (a) & (c), 2449.1, subds. (a) & (c), Register 2017, No. 15 (Apr. 13, 2017).)

As required by the Amendment, the Secretary of the Department (Secretary) certified that the regulations as adopted "protect and enhance public safety for all Californians."  In an initial statement of reasons accompanying the regulations, the Department provided its justification for excluding sex offenders from the nonviolent parole consideration process:  "[T]he crimes listed in [Penal Code section 290] reflect the determination of the people of the State of California (through initiatives and the legislature) that, 'Sex offenders pose a potentially high risk of committing further sex offenses after release from incarceration or commitment, and the protection of the public

---

[2]     Further undesignated regulation references are to Title 15 of the California Code of Regulations (Title 15).

[3]     In *In re Mohammad* (2019) 42 Cal.App.5th 719 at pages 726 to 727, review granted February 19, 2020, S259999, the appellate court concluded the Department's regulations contradicted the plain language of the Amendment by defining the universe of limited inmates to "nonviolent offenders" rather than those convicted of "a nonviolent felony offense."  That issue is not before us here.

from reoffending by these offenders is a paramount public interest.' " (Cal. Dept. of Corrections, Initial Statement of Reasons NCR 17-05 (July 14, 2017) p. 15.)

On May 1, 2018, the Department adopted, in final form, what it had previously considered interim regulations on Proposition 57. The adopted regulations defined a "determinately-sentenced nonviolent offender" as an inmate who is not: (1) condemned to death, (2) currently incarcerated for a term of life without the possibility of parole, (3) currently incarcerated for a term of life with the possibility of parole for a "violent felony,"[4] (4) currently serving a determinate term prior to beginning a term of life with the possibility of parole for an in-prison offense that is a "violent felony," (5) currently serving a term of incarceration for a "violent felony," or (6) currently serving a term of incarceration for a nonviolent felony offense after completing a concurrent determinate term for a "violent felony." (Tit. 15, former § 3490, subd. (a), Register 2018, No. 18 (May 1, 2018).)

As relevant here, the regulations stated a nonviolent offender as defined in former Title 15, section 3490, subdivision (a) shall be eligible for early parole consideration as provided for by the Amendment except, inter alia, inmates who are "convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." (Tit. 15, former § 3491, subds. (a), (b)(3).) The Secretary, in his final statement of reasons, reiterated the reasons stated in the initial statement of reasons for excluding inmates who must register as sex offenders from early parole consideration. (Cal. Dept. of Corrections, Credit Earning and Parole Consideration, Final Statement of Reasons (April 30, 2018) p. 20.) The Secretary also listed multiple crimes not considered serious or violent felonies but that "demonstrate a sufficient degree of violence and represent an

---

[4] Title 15, section 3490, subdivision (c) defined a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code."

4

unreasonable risk to public safety to require that sex offenders be excluded from nonviolent parole consideration." (*Ibid.*)

*Habeas Corpus Proceedings*

In March 2019, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court challenging his exclusion from consideration for parole under Proposition 57. Petitioner is currently serving an eight-year determinate sentence in state prison: four years—doubled to eight for defendant's prior strike—for meeting a minor to engage in lewd and lascivious behavior (Pen. Code, § 288.4), and a stayed term of eight months on a conviction for contact with a minor for a sex offense (Pen. Code, § 228.3). Petitioner's convictions require him to register as a sex offender for life. (Pen. Code, § 290, subds. (b) & (c).) The regulations require the Department to complete an eligibility review within 60 calendar days of an inmate's admission to the Department. (Tit. 15, § 3491, subd. (c).) This determination also requires consideration of whether the inmate is eligible for parole consideration under subdivisions (a) and (b). (*Id.*, subd. (e)(1).) Title 15, section 3491, subdivision (b)(3) excludes inmates convicted of sexual offenses that requires registration from eligibility for parole consideration.

The Department admits the regulations exclude petitioner from early parole consideration due to his conviction for a registerable sex offense. The Department also admits because petitioner is "challenging a regulation approved by the Office of Administrative Law, which cannot be invalidated based on administrative appeal, exhaustion of administrative remedies is not required . . . ."

In November 2019, the superior court denied defendant's petition on the grounds defendant had not pled and proven the threshold matter that he had completed the full term for his primary offense. In November 2019, petitioner filed an original petition for writ of habeas corpus in this court raising the same claims he raised in superior court. In February 2020, we issued an order to show cause returnable in the superior court.

5

In June 2020, the Attorney General requested that these proceedings be held in abeyance pending our Supreme Court's decision in *Alliance, supra*, 45 Cal.App.5th 225, review granted, *Gadlin, supra*, 31 Cal.App.5th 784, review granted, and *In re Mohammad, supra*, 42 Cal.App.5th 719, review granted. We denied that motion. In June 2020, petitioner filed a cross-motion requesting calendar preference. We granted that motion.

DISCUSSION

I

*Article I, Section 32, Subdivision (a)(1)*

The Attorney General contends article I, section 32 authorizes the Department to promulgate regulations excluding from early parole consideration inmates previously convicted of sex offenses requiring sex offender registration. The Attorney General acknowledges the existence of the decisions in *Gadlin, supra*, 31 Cal.App.5th at pages 787 to 790, review granted, and *Alliance, supra*, 45 Cal.App.5th 225, review granted, but makes no argument those cases are wrongly decided or that we should disagree with those cases and uphold the Department's regulation, and offers no basis for distinguishing those cases. We continue to agree with the reasoning of *Alliance* and *Gadlin*.

A. *Standard of Review*

*Gadlin* set forth the scope of our review of an agency's regulations: " ' "In order for a regulation to be valid, it must be (1) consistent with and not in conflict with the enabling statute and (2) reasonably necessary to effectuate the purpose of the statute. [Citation.]" [Citations.] Therefore, "the rulemaking authority of the agency is circumscribed by the substantive provisions of the law governing the agency." [Citation.] " 'The task of the reviewing court in such a case is to decide whether the [agency] reasonably interpreted [its] legislative mandate. . . . Such a limited scope of review constitutes no judicial interference with the administrative discretion in that aspect of the

6

rulemaking function which requires a high degree of technical skill and expertise. . . . [T]here is no agency discretion to promulgate a regulation which is inconsistent with the governing statute. . . . Whatever the force of administrative construction . . . final responsibility for the interpretation of the law rests with the courts. . . . Administrative regulations that alter or amend the statute or enlarge or impair its scope are void . . . .' [Citation.]" [Citation.]' [Citation.]" (*Gadlin, supra*, 31 Cal.App.5th at pp. 788-789, rev. granted.)

" 'When construing constitutional provisions and statutes, including those enacted through voter initiative, "[o]ur primary concern is giving effect to the intended purpose of the provisions at issue. [Citation.] In doing so, we first analyze provisions' text in their relevant context, which is typically the best and most reliable indicator of purpose. [Citations.] We start by ascribing to words their ordinary meaning, while taking account of related provisions and the structure of the relevant statutory and constitutional scheme. [Citations.] If the provisions' intended purpose nonetheless remains opaque, we may consider extrinsic sources, such as an initiative's ballot materials. [Citation.] Moreover, when construing initiatives, we generally presume electors are aware of existing law. [Citation.] Finally, we apply independent judgment when construing constitutional and statutory provisions. [Citation.]" [Citation.]' [Citation.]" (*Gadlin, supra*, 31 Cal.App.5th at p. 789, rev. granted.)

B. *Gadlin, Schuster, and Alliance*

Article I, section 32, subdivision (a)(1) provides: "*Any person* convicted of *a nonviolent felony offense* and sentenced to state prison *shall* be eligible for parole consideration after completing the full term for his or her primary offense." (Italics added.) The court in *Gadlin* observed: "The reference to 'convicted' and 'sentenced,' in conjunction with present eligibility for parole once a full term is completed, make clear that early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal

7

history." (*Gadlin, supra*, 31 Cal.App.5th at p. 789, rev. granted.) The court acknowledged the Department's argument that sex offenses involve a sufficient degree of violence and that registerable inmates present an unreasonable risk to public safety. (*Ibid.*) But, the court noted, those policy considerations do not trump the plain language of article I, section 32, subdivision (a)(1). (*Gadlin*, at p. 789.) Thus, the court concluded the plain language of article I, section 32, subdivision (a)(1) precluded the Department from excluding the petitioner from early parole consideration based on his prior sex offense. (*Gadlin*, at pp. 789, 790.)

In *In re Schuster* (2019) 42 Cal.App.5th 943, review granted February 19, 2020, S260024, we agreed with the analysis in *Gadlin*. (*Schuster*, at p. 955.) We observed, "The Amendment makes no mention of prior convictions or an inmate's status as a [Penal Code] section 290 sex registrant." (*Ibid.*) We concluded, "To the extent that Title 15, section 3491, subdivision (b)(3) is applied to bar inmates with prior sex offenses requiring registration from early parole consideration, it conflicts with the Amendment and is invalid." (*Ibid.*)

In *Alliance, supra*, 45 Cal.App.5th 225, review granted, we struck down the Department's regulations to the extent they excluded from early parole consideration inmates currently convicted of sex offenses. We concluded the plain language of the Amendment, when read as a whole, "unequivocally demonstrates the voters' intent to provide early parole consideration for *all* inmates convicted of a nonviolent offense—as opposed to only those inmates the Department believes are sufficiently unlikely to reoffend." (*Id.* at p. 234.)

C. *Analysis*

The Attorney General ignores the above authorities on this subject and argues: (1) article I, section 32, subdivision (a)(1) has an "undefined scope" because it does not define "nonviolent felony offense"; (2) article I, section 32, subdivision (b) authorizes the Department to "fill up the details" and gaps within the scheme, including determining

8

which inmates qualify for nonviolent parole consideration, and to exclude classes of inmates that would present a public safety risk; (3) Proposition 57's ballot materials clearly indicate that registered sex offenders would be excluded from early parole consideration.

We disagree with the Attorney General. As *Gadlin* observed, the provisions' text in their relevant context is typically the best and most reliable indicator of the intended purpose of the statute. (*Gadlin, supra*, 31 Cal.App.5th at p. 789, rev. granted.)

We agree with the Attorney General that the text of article I, section 32, subdivision (a)(1) does not define "nonviolent felony offense." We also agree that article I, section 32, subdivision (b) authorizes the Department to promulgate regulations "in furtherance" of the provisions of the Amendment. However, as *Gadlin* recognized, " ' "[T]here is no agency discretion to promulgate a regulation which is inconsistent with the governing statute. . . ." ' " (*Gadlin, supra*, 31 Cal.App.5th at p. 789, rev. granted.) Therefore, while the Department is entitled to some latitude in its regulations, the Department is not entitled to contradict the plain language of the Amendment by excluding inmates *it acknowledges are eligible for early parole consideration under article I, section 32, subdivision (a)(1).* That subdivision unequivocally states that any person convicted of a nonviolent felony offense and sentenced to state prison *shall* be eligible for parole consideration after completing the full term for his or her primary offense. The Department's regulation is doing more than "filling up the details"; it is contradicting the Amendment.

We disagree with the Attorney General that article I, section 32, subdivision (b)'s requirement that the Secretary must "certify that these regulations protect and enhance public safety" authorizes the Department to promulgate regulations excluding classes of inmates otherwise eligible for early parole consideration. As we have stated: "Nothing in the language of section 32, subdivision (a) suggests that it is limited by the provisions of section 32, subdivision (b). Indeed, subdivision (a) is prefaced with the following:

9

'The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, *notwithstanding anything in this article* or any other provision of law.' (Italics added.) The language in subdivision (b) confirms that point: '[The Department] shall adopt regulations *in furtherance of* these provisions . . . .' (Italics added.) Subdivision (b), contrary to the Department's contention, does not permit the Department to promulgate regulations *limiting* the express requirements of subdivision (a)(1). Rather, it requires that the Department promulgate regulations to *advance* the express requirements of subdivision (a)(1), which does not limit the categories of inmates eligible for early parole consideration based on their likelihood of recidivism." (*Alliance, supra*, 45 Cal.App.5th at p. 235, rev. granted.)

By ascribing to the words in article I, section 32, subdivision (a)(1) their ordinary meaning, and taking into account the structure of the constitutional scheme, we conclude the voters intended to extend early parole consideration, as the Amendment *expressly* states, to *any* inmate convicted of a nonviolent felony offense and sentenced to state prison upon completing the full term of his or her primary offense. The Department's application of Title 15, section 3491, subdivision (b)(3) to exclude petitioner and all similarly situated inmates from early parole consideration runs afoul of article I, section 32, subdivision (a)(1). (*Gadlin, supra*, 31 Cal.App.5th at p. 790, rev. granted.) Under the plain language of the statute, petitioner is entitled to early parole consideration.

DISPOSITION

Subdivision (b)(3) of section 3491 of Title 15 of the California Code of Regulations is invalidated.  The Department of Corrections and Rehabilitation is further directed to proceed, within 60 days of issuance of the remittitur, with an eligibility review determination under subdivision (e) of section 3491 of Title 15 of the California Code of Regulations as if petitioner had been found to be eligible for parole consideration by the Board of Parole Hearings under subdivisions (a) and (b) of section 3491 of Title 15 of the California Code of Regulations.


                                        /s/
                                        BLEASE, Acting P.J.



We concur:



      /s/
MAURO, J.



      /s/
DUARTE, J.

11